**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| FARLAND L. GILLIEHAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:23-CV-1022 RLW |
| | ) | |
| ST. CHARLES COUNTY COURT, et al, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of self-represented plaintiff Farland Gilliehan, a pre-trial detainee at St. Charles County Detention Center, for leave to commence this action without prepayment of the required filing fee. Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). After reviewing the complaint, the Court will dismiss the complaint as frivolous and for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B). To the extent plaintiff's complaint contains any state law claims, those claims will be dismissed without prejudice pursuant to 28 U.S.C. § 1367(c).

### Initial Partial Filing Fee

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period.  After payment of the initial partial filing fee, the prisoner is required to make monthly

payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has failed to provide the Court a *certified* prison account statement. As a result, the Court will require plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances."). If plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his *certified* prison account statement in support of his claim.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

2

When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

**Criminal Case in State Court**

**A. St. Louis County Criminal Case**

On March 11, 2021, a criminal complaint was filed against plaintiff in St. Louis County Circuit Court charging plaintiff with robbery in the first degree, burglary in the second degree, and felony stealing. *See State v. Gilliehan*, No. 21SL-CR01055 (21st Jud. Cir., St. Louis County).[1] Plaintiff was served with a warrant for his arrest on April 21, 2021, and bond was set at $50,000 on April 28, 2021. *Id.* He was then incarcerated at the St. Louis County Justice Center.

On May 10, 2021, attorney Richard Hereford entered his appearance in the case on behalf of plaintiff after attorney Dan Buran withdrew. However, Richard Hereford withdrew from representing plaintiff on May 26, 2021, and attorney Michael Hufty entered his appearance on

---

[1]Plaintiff's underlying state court cases were reviewed on Case.net, Missouri's online case management system. The Court takes judicial notice of these public records. *See Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district court may take judicial notice of public state records); *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records"); and *Stahl v. U.S. Dept. of Agriculture*, 327 F.3d 697, 700 (8th Cir. 2003) ("The district court may take judicial notice of public records and may consider them on a motion to dismiss").

plaintiff's behalf. On June 7, 2021, attorney Michael Hufty moved to withdraw as plaintiff's counsel. After an indigency hearing on August 12, 2021, plaintiff was assigned Missouri Public Defender Tiffany Walker as his counsel.

A grand jury indictment was filed on September 9, 2021, charging plaintiff with the same charges as those in the criminal complaint. *See State v. Gilliehan*, No. 21SL-CR01055-01 (21st Jud. Cir., St. Louis County), and plaintiff was formally arraigned on September 15, 2021. Jury trial is currently set for June 10, 2024.

### B.  St. Charles County Criminal Case

On April 22, 2021, a criminal complaint was against plaintiff in St. Charles County Circuit Court by Assistant Prosecuting Attorney Breck Burgess, charging him with fifteen counts, including burglary in the first degree; four counts of burglary in the second degree; six counts of felony stealing–firearm/explosive weapon/ammonium nitrate; and four counts of misdemeanor stealing. *See State v. Gilliehan*, No. 2111-CR01292 (11th Jud. Cir., St. Charles County). A warrant was issued for plaintiff's arrest on April 22, 2021.[2] However, plaintiff was not served with the

---

[2] The arrest warrant was supported by a probable cause statement, completed by Detective Boaz, and filed on April 22, 2021. It stated, in relevant part:

> On 9-24-2020, Farland Gilliehan did use force to unlawfully enter an inhabitable structure at 2510 Hopewell Road. Farland Gilliehan did cause property damage to the home, less than $750.00, during the Burglary. Victim DS was inside of the residence at the time Farland Gilliehan committed the Burglary.
>
> On 9-24-2020, SCCPD responded to a home at 2510 Hopewell Road in reference to a Burglary. DS reported a black male had kicked the front door of his home open, causing damage to the door and door frame. The suspect entered into the home of DS while DS was inside of the home. DS confronted the suspect and the suspect fled from the home. The suspect fled from the scene by driving a metallic colored 2014-2020 Chevy Impala with Temporary License plates affixed. Video footage from a nearby business showed the suspect and suspect vehicle, both matched the description provided by DS.
>
> A search warrant was obtained for a Google account registered to Farland Gilliehan. Information obtained through the warrant identified Farland Gilliehan as being present at the scene of the Burglary at 2510 Hopewell Road on 9-24-2020 at 1457 hours. Farland

warrant for his arrest until April 29, 2022, approximately one year later. *Id.* At the time of his arrest in April 2022, plaintiff's bond was set at $75,000.

Although plaintiff was not yet incarcerated in St. Charles County in May 2021, attorney Richard Hereford filed an entry of appearance on plaintiff's behalf on May 12, 2021, and immediately moved for discovery. However, Hereford sought to withdraw from plaintiff's representation on May 19, 2021. The state court did not rule on Hereford's motion to withdraw immediately. A new prosecutor, Assistant Prosecuting Attorney Charlene Stockman, entered the case on October 21, 2021. Prosecutor Stockman moved for disclosure from attorney Hereford on October 29, 2021. There is nothing in the record to indicate that discovery began at that time, however. *Id.*

A grand jury indictment was filed on November 17, 2021, charging plaintiff with the same charges as those in the criminal complaint. *See State v. Gilliehan*, No. 2111-CR01292-01 (11th Jud. Cir., St. Charles County). A new request for disclosure was entered by Assistant Prosecutor Stephan Lawhorn on November 17, 2021. Lawhorn served plaintiff's counsel at the time, Richard Hereford, with a written notice for additional discovery, as well. *Id.* At the time the indictment was entered, the state court entered an order directing plaintiff and his attorney of record, Richard Hereford, to appear on January 10, 2022 for an arraignment on the indictment. *Id.*

Neither plaintiff nor his attorney of record, Richard Hereford, appeared at the scheduled arraignment on the indictment on January 10, 2022, and the state court continued the matter to March 7, 2022. *Id.* When neither plaintiff nor his attorney of record, Richard Hereford, appeared

---

Gilliehan matched the suspect description. Farland Gilliehan owned and operated a metallic colored 2019 Chevy Impala from July 2020 through March 10, 2021. Temporary license plates were affixed to that Impala from July 2020 through March 10, 2021.

*See State v. Gilliehan*, No. 2111-CR01292-01 (11th Jud. Cir., St. Charles County).

for the rescheduled arraignment on March 7, 2022, the state court placed the matter "in warrant status." *Id.*

On March 17, 2022, the state court issued an order indicating it would hear arguments on attorney Richard Hereford's motion to withdraw from representing plaintiff on May 16, 2022. *Id.* On March 28, 2022, plaintiff filed a pro se motion to dismiss the indictment based on a violation of his speedy trial rights. The return address on the envelope showed plaintiff was incarcerated in the St. Louis County Justice Center. Plaintiff filed a second pro se motion on April 6, 2022, seeking release from custody at the St. Louis County Justice Center. Plaintiff argued that he had been arrested on April 20, 2021, and had been held on "detainers" by St. Louis County since that time. Plaintiff also sought to reduce the bond on the indictment. *Id.*

As noted above, plaintiff was served with the warrant for his arrest on April 29, 2022. On May 2, 2022, plaintiff had an initial appearance by videoconference in which he pled not guilty, and the state court set a bond hearing for May 10, 2022. *Id.* Plaintiff's motion to reduce the bond was denied on May 10, 2022. On May 16, 2022, the state court held a hearing on Richard Hereford's motion to withdraw from representing plaintiff. The state court granted Hereford's motion at that time. On May 23, 2022, the state court made a record that the Missouri Public Defender's Office had previously rejected plaintiff's request for counsel due to his having retained counsel. The state court set an indigency hearing for May 31, 2022, however, given that plaintiff was no longer represented by retained counsel. On May 31, 2022, plaintiff was found to be indigent and attorney David Cruz, an assistant Missouri Public Defender, entered his appearance for plaintiff on June 2, 2022. *Id.*

After this time, plaintiff filed several pro se motions to dismiss the indictment and for bond reduction despite being represented by the Missouri Public Defender's Office. A hearing on the

6

motion to reduce the bond was held on October 31, 2022, and the state court denied the motion. Attorney Stephen Ranz entered his appearance as co-counsel for the defense representing plaintiff on January 3, 2023. *Id.*

On January 18, 2023, a "Substitute Information in Lieu of Indictment" was filed by Assistant County Prosecutor Stephan Lawhorn. The docket sheet indicates that it was filed as a "substitute indictment" on Case.Net. It charged plaintiff with fifteen counts, including burglary in the first degree; four counts of burglary in the second degree; six counts of felony stealing – firearm/explosive weapon/ammonium nitrate; and four counts of misdemeanor stealing. *See State v. Gilliehan*, No. 2111-CR01292-01 (11th Jud. Cir., St. Charles County).

On January 26, 2023, plaintiff filed a motion asking the Court to remove his counsel. He claimed counsel refused to file the motions he asked them to file, and they would not pursue the arguments he asked them to pursue. *Id.*

On March 20, 2023, attorney David Cruz filed a motion for change of judge asking for Judge Pelikan to be removed from the case. Cruz stated that "despite the length of the pendency of the case, Defendant has yet to be arraigned and an initial plea has not yet been entered."[3] The matter was reassigned to Judge Deborah Alessi on March 24, 2023, by Presiding Judge W. Christopher McDonough.

On April 3, 2023, plaintiff wrote a letter to Judge McDonough seeking to have his attorneys removed from representing him. Plaintiff again stated that his attorneys would not pursue his case the way he asked. On April 10, 2023, plaintiff moved the state court to withdraw his counsel based on his Sixth Amendment rights. Plaintiff claimed his counsel had failed to give him the discovery in his case, and failed to file motions he asked them to file. *Id.*

---

[3]Given that plaintiff had an initial appearance on May 2, 2022, the Court is confused by this statement.

On May 10, 2023, plaintiff was formally arraigned by the state court on the "Substitute Information in Lieu of Indictment." At that time, the matter was set for jury trial on September 18, 2023. *Id.* However, plaintiff sought removal of both his counsel and the state judge from the matter. The state court denied plaintiff's request for removal of the judge, but after several hearings on the matter allowed plaintiff to represent himself in the case on June 28, 2023.[4] On September 12, 2023, the state court revisited the issue of counsel with plaintiff. Plaintiff advised that he did not wish to have the same public defenders represent him, and he "took the Fifth" for the remainder of the hearing. Although plaintiff was representing himself pro se, the Court appointed attorney Samuel Crosby as standby counsel on October 8, 2023.

The state prosecutor filed an amended information on the first day of plaintiff's jury trial, October 16, 2023. In it, plaintiff was charged with thirteen counts, including burglary in the first degree; three counts of burglary in the second degree; six counts of felony stealing–firearm/explosive weapon/ammonium nitrate; and three counts of misdemeanor stealing. *See State v. Gilliehan*, No. 2111-CR01292-01 (11th Jud. Cir., St. Charles County). On the third day of trial, October 18, 2023, plaintiff pled guilty to burglary in the first degree; three counts of burglary in the second degree; and six counts of felony stealing–firearm/explosive weapon/ammonium nitrate. He was sentenced on December 13, 2023, to a total term of fourteen years' imprisonment. *Id.*

---

[4]On August 10, 2023, the state court entered an order on the matter with several findings, including that: (1) plaintiff's due process rights had not been violated with regard to his representation by attorney David Cruz and the Missouri Public Defender's Office; (2) plaintiff had been advised on several occasions to attempt to work things out with his attorney because the court would not appoint new counsel for him; (3) plaintiff was advised that he could hire new counsel on his own; (4) plaintiff had implicitly waived his right to counsel by demanding that new counsel be appointed for him and stating that David Cruz could not represent him; (5) plaintiff had been advised that if he showed up without an attorney he would have to represent himself; (6) plaintiff was advised that an attorney would be appointed to sit next to him at trial; and (7) attorney David Cruz would be appointed to him if he reapplied to the Missouri Public Defender's Office for counsel because he did not have the right to choose a particular public defender.

**Complaint and Supplemental Pleadings**

Plaintiff Farland Gilliehan, an inmate at St. Louis County Justice Center, brings this action pursuant to 42 U.S.C. § 1983. He names the following as defendants in this action: St. Charles County Court; St. Charles County Jail[5]; Dan Keen (St. Charles County Jail Director); Casey Boaz (St. Charles County Detective); St. Charles County Jail Booking Officer; St. Charles County Jail Deputy Officer; Timothy Lohmar (St. Charles County Prosecuting Attorney); Daniel Pelikan (Judge); St. Charles County Clerk Division; Chris McDonough; Deborah Jean Alessi; Richard Hereford (Attorney); David Cruz (Attorney); Stephen Ranz; and Stephan Lawhorn (Assistant Prosecutor). Plaintiff brings this action against the defendants in their individual capacities.[6]

Plaintiff filed this action on August 17, 2023. *See* ECF No. 1. At the time he filed the instant action he was a pretrial detainee being held at the St. Charles County Detention Center. On December 13, 2023, plaintiff was convicted in St. Charles County Circuit Court in *State v. Gilliehan,* No. 2111-CR01292-01 (11th Jud. Cir., St. Charles County). Plaintiff is currently being held in the St. Louis County Justice Center awaiting trial in *State v. Gilliehan*, No. 21SL-CR01055-01 (21st Jud. Cir., St. Louis County).

The current action relates to plaintiff's complaints regarding his arrest and confinement in his St. Charles County case. He filed an initial complaint [ECF No. 1], and six supplemental pleadings relating to his allegations. [ECF Nos. 5, 7, 8, 10, 11 and 15]. The nature of plaintiff's

---

[5]Although plaintiff refers to his prior place of confinement as the St. Charles County Jail, it is properly named as the St. Charles County Detention Center, and the Court will refer to it as such. To the extent it is referred to as the "St. Charles County Jail," the Court is referring to the way plaintiff named one of the defendants in his complaint.

[6]Plaintiff filed a motion to amend his complaint on August 28, 2023.*See* ECF No. 5. In the motion, he seeks to name the defendants in their individual capacities. The Court will grant plaintiff's motion.

claims is difficult to discern, and his factual allegations are often directly controverted by the public record of his cases on Missouri Case.Net.

Plaintiff alleges that he was unlawfully detained at the St. Charles County Detention Center between April 29, 2022, and October 18, 2023.[7] [ECF No. 1 at 3-4; ECF No. 12]. Plaintiff claims he was taken into custody without a warrant for his arrest, and that his arrest warrant lacked a statement of probable cause. Plaintiff asserts that as a result, the unnamed Booking Officer at the St. Charles County Detention Center processed him illegally at the Detention Center. [ECF No. 1, at 4].

As stated above, the probable cause statement attached to the criminal complaint in *State v. Gilliehan*, No. 2111-CR01292-01 (11th Jud. Cir., St. Charles County), was filed on April 22, 2022. The return of service on the warrant indicates plaintiff was arrested on or about April 29, 2022. *Id.*

Plaintiff states that Detective Casey Boaz failed to find his arrest warrant in the "RMS System" when he was asked to do so at his deposition in his criminal proceedings. [ECF No. 1, at 3-4]. Plaintiff does not explain how this allegedly violated his constitutional rights under 42 U.S.C. § 1983. Plaintiff also alleges that Detective Boaz failed to provide him with a copy of his probable cause statement and, as a result, he was unlawfully detained at the St. Charles County Detention Center. ECF No. 8, at 1]. Plaintiff alleges that St. Charles County Jail Director Dan Keen also unlawfully detained him at the St. Charles County Detention Center on or about April 29, 2022, without an arrest warrant or probable cause statement. [ECF No. 1, at 3].

---

[7]Plaintiff has not stated in his complaint which defendant was responsible for his arrest and transfer to the St. Charles County Detention Center. As stated previously, before his arrest on April 29, 2022, plaintiff was incarcerated at the St. Louis County Justice Center.

Plaintiff states that an unknown Deputy Officer at the St. Charles County Detention Center not only illegally detained him without an arrest warrant and statement of probable cause, but also failed to file his fingerprints or give plaintiff a copy of the Order to File Fingerprints. [ECF No. 1, at 4]. Plaintiff cites Missouri Revised Statute § 43.503.6 regarding his claim based on the "Order for Fingerprinting."[8] Plaintiff does not state where he believes his fingerprints were supposed to be filed, or why he believes he was entitled to a copy of an Order for Fingerprinting.

The statute plaintiff cites does not indicate that he was entitled to a copy of his fingerprints or to an Order for Fingerprinting. Missouri Revised Statute 43.503.6 provides:

> The clerk of the courts of each county or city not within a county or municipal court clerk shall furnish the central repository, on standard forms supplied by the highway patrol or in a manner approved by the highway patrol, with a record of all charges filed, including all those added subsequent to the filing of a criminal court case, amended charges, and all final dispositions of cases for which the central repository has a record of an arrest or a record of fingerprints reported pursuant to sections 43.500 to 43.506.  Such information shall include, for each charge:
>
> (1)  All judgments of not guilty, acquittals on the ground of mental disease or defect excluding responsibility, judgments or pleas of guilty including the sentence, if any, or probation, if any, pronounced by the court, nolle pros, discharges, releases and dismissals in the trial court;
>
> (2)  Court orders filed with the clerk of the courts which reverse a reported conviction or vacate or modify a sentence;

---

[8]The Court notes that the document in plaintiff's criminal case, entered on April 22, 2021, with the title "Order for Fingerprinting" has a notation at the bottom of the page to "43.503.5 RSMo." *State v. Gilliehan*, No. 2111-CR01292 (11th Jud. Cir., St. Charles County). This statutory section provides:

> The prosecuting attorney of each county or the circuit attorney of a city not within a county or the municipal prosecuting attorney shall notify the central repository on standard forms supplied by the highway patrol or in a manner approved by the highway patrol of his or her decision to not file a criminal charge on any charge referred to such prosecuting attorney or circuit attorney for criminal charges.  All records forwarded to the central repository and the courts by prosecutors or circuit attorneys as required by sections 43.500 to 43.530 shall include the state offense cycle number of the offense, the charge code for the offense, and the originating agency identifier number of the reporting prosecutor, using such numbers as assigned by the highway patrol.

(3)  Judgments terminating or revoking a sentence to probation, supervision or conditional release and any resentencing after such revocation; and

(4)  The offense cycle number of the offense, and the originating agency identifier number of the sentencing court, using such numbers as assigned by the highway patrol.

Mo. Rev. Stat. § 43.503.6.

Plaintiff alleges that state court Judge Daniel Pelikan never arraigned him on the charges against him. [ECF No. 1, at 12-13]. However, as stated above, plaintiff's formal arraignment on the substitute information was held on May 10, 2023. Plaintiff had an initial appearance in front of Judge Pelikan on May 2, 2022, and a "seven-day bond hearing" on May 10, 2022. *State v. Gilliehan,* No. 2111-CR01292-01 (11th Jud. Cir., St. Charles County). At plaintiff's initial appearance on May 2, 2022, the charges against him were read and he entered a plea of not guilty.[9]

Plaintiff alleges that state court Judge Deborah Alessi gave him the "wrong arrest warrant,"[10] removed a public defender from his case, made him go pro se,[11] failed to provide him an arraignment, and gave him a new court date. [ECF No. 1, at 12-16; ECF No. 11, at 1]. In support

---

[9]To the extent plaintiff believes that his initial appearance was not in compliance with Missouri Rule of Criminal Procedure 24.01 regarding arraignments in felonies and misdemeanors, he is incorrect. *See State v. Petterson* ,780 S.W.2d 675, 678 (Mo. Ct. App. 1990) (holding the defendant was properly arraigned where he was informed of charge, advised of his constitutional rights including right to counsel, and advised of range of punishment, all by judge with proper jurisdiction). Regardless, under Missouri law, defects in or objections to arraignments are difficult to make. They are waived if the defendant proceeds to trial. *See State v. Woodward*, 587 S.W.2d 287 (Mo. Ct. App. 1979).

[10]Although plaintiff claims he was not provided a copy of his arrest warrant, [ECF No. 11, at 1], he also claims that when Judge Alessi gave him a copy of an arrest warrant, it was the "wrong" arrest warrant. [ECF No. 10]. Specifically, plaintiff alleges that although the arrest warrant he was given was signed by Judge Alessi, it also had a typewritten signature of Judge Elizabeth Walker Swann. *Id.*

[11]Plaintiff submitted copies of two court orders from September 12, 2023, in *State v. Gilliehan*, No. 2111-CR01292-01 (11th Jud. Cir., St. Charles County), in which it appears the court was encouraging plaintiff to seek out counsel. [ECF No. 11, at 2-3].

of his argument, he cites to Missouri Revised Statute § 571.104.[12] *Id.* Plaintiff alleges asserts that

state court Judge Chris McDonough should be held liable for assigning him to Judge Daniel

Pelikan's court after the grand jury indictment was filed. [ECF No. 1, at 14-15].

Plaintiff also alleges that the "Circuit Clerk Division 7" in St. Charles County Court failed

to send him copies of documents in his criminal action when he requested them. [ECF No. 1, at

13]. Specifically, plaintiff asserts that he requested docket sheets on August 22, 2022, and a copy

of the arrest warrant, grand jury indictment, and Case.Net readout. The Court has reviewed *State*

*v. Gilliehan*, No. 2111-CR01292-01 (11th Jud. Cir., St. Charles County), and the record shows

plaintiff's request on that date states as follows:

> To whom it may concern:
>
> I need casenet for the following cause numbers on all the case 2111-CR01292-01
>
> I need copies of indictment on this cause number 2111-CR01292-01 all the case [sic]
>
> I need copies of the warrants on the case from 04-22-2021
>
> I need all activities with my case 2111-CR01292-01 all 15
>
> For my 1983 civil lawsuit and to the commission on retirement removal an[d]
>
> discipline also the office of chief disciplinary Farland L. Gilliehan

Plaintiff's letter requesting these documents is dated August 16, 2022. There is a notation

on the docket that the Court Clerk provided the documents to plaintiff on August 22, 2022.

Attached to the letter are the documents sent to plaintiff including copies of Case.Net docket

sheets, the probable cause statement, the arrest warrant, the Order for Fingerprinting, and the

November 17, 2021 indictment. The Court Clerk also provided plaintiff with a copy of the charge

---

[12]Missouri Revised Statute Section 571.104 is titled, "Suspension or revocation of endorsements and permits, when--renewal procedures--change of name or residence notification requirements--active military members, two-month renewal period." The Court is unsure what significance this statute has to this case.

information from the court docket. *State v. Gilliehan,* No. 2111-CR01292-01 (11th Jud. Cir., St.

Charles County). Plaintiff claims in his complaint, however, that the Court Clerk provided him

with a copy of the arrest warrant without the judge's signature, and a copy of a form Order for

Fingerprinting, signed by Judge Alessi on April 22, 2021.

Plaintiff also claims that on an unspecified date the Court Clerk failed to send him a copy

of the grand jury indictment, as well as copies of docket sheets and records from Case.Net.[13] [ECF

No. 1, at 13; ECF No. 10]. Plaintiff also complains that the Court Clerk never provided him with

a copy of the arraignment or a copy of the "number two" indictment. [ECF No. 1, at 13; ECF No.

10]. After reviewing Missouri Case.Net, the Court has not found any indication that plaintiff

requested these documents. Moreover, at the time the Substitute Indictment was filed on January

18, 2023, plaintiff was represented by attorney David Cruz.[14] Thus, he could have received these

documents from his counsel.

Plaintiff also alleges that his defense counsel in his St. Charles County criminal case,

defendants Hereford, Cruz, and Ranz, failed to properly represent him. Plaintiff claims that

Richard Hereford, his first assigned attorney, knew there was no arrest warrant and "was in Region

X Disciplinary Committee." [15] Plaintiff alleges that Hereford was ineffective because he violated

---

[13]Although plaintiff appears to claim he did not receive copies of Case.Net docket sheets, the Court notes he has attached copies of Case.Net docket sheets to his complaint and supplemental pleadings.

[14]Case.net record show that plaintiff made a request for a docket sheet on April 26, 2023, which was provided to him on the same date by the Court Clerk of St. Charles County Circuit Court. Plaintiff also requested copies of the docket on July 6, 2023, which were again provided to him. The Court cannot find any record that plaintiff requested a copy of the Substitute Indictment, however.

[15]The Court interprets the complaint to allege that although an arrest warrant was issued with the criminal complaint on April 22, 2021, as evidenced on Case.Net, it was not actually served on plaintiff until April 29, 2022. Plaintiff was incarcerated in St. Louis County on a $50,000 bond during this time. Thus, it is difficult to understand how plaintiff was prejudiced by the failure to serve him with an arrest warrant for approximately a year. Plaintiff acknowledges in his complaint that he was being held on "detainers" in St. Louis County Jail during this time, and he is currently awaiting trial in St. Louis County Jail for the same charge on which he was previously being held.

the rules of professional conduct in his case.[16] [ECF No. 1, at 12, 15]. Plaintiff asserts that attorneys David Cruz and Stephen Ranz "knew about the [lack of] arrest warrant," and also knew there had not been an arraignment in his case. [ECF No. 1, at 12, 16]. Plaintiff claims these failures led to his "false incarceration" and mental distress.

Plaintiff also brings claims against state prosecutors Stephan Lawhorn and Timothy Lohmar, asserting they failed to file an arrest warrant or probable cause statement in his case in St. Charles County Court, which resulted in plaintiff's false incarceration for over twenty-seven months. [ECF No. 1, at. 4, 16].

Finally, under the heading marked "Injuries," plaintiff alleges that he was given the wrong medical treatment on May 12, 2022. Plaintiff does not allege facts to indicate which defendant(s) provided him with the wrong medical treatment or mention what his serious medical condition was at that time.

Plaintiff seeks damages of $2,000,000 for "being illegally detained under a false arrest warrant and never being served the original warrant for 28 months and also never being arraigned." [ECF No. 1, at 5].

---

[16]In a supplement to his complaint, ECF No. 7, plaintiff attached a June 25, 2022, letter to him from the Region X Disciplinary Committee Under the Authority of the Missouri Supreme Court Office of the Chief Disciplinary Counsel. Plaintiff apparently wrote a letter of complaint to the Chief Disciplinary Counsel regarding counsel Richard Hereford's conduct in his criminal case. It was the finding of the Disciplinary Committee that Mr. Hereford be sent a Letter of Admonition for his violations of Disciplinary Rules 4-1.3 (Diligence) and 4-8.1(a) (Misconduct) due to Hereford's failure to submit a notice of timely withdrawal in plaintiff's criminal action and for misrepresenting his actual withdrawal date in his answer to plaintiff's complaint to the Disciplinary Committee. A review of *State v. Gilliehan*, No. 2111-CR01292-01 (11th Jud. Cir., St. Charles County), indicates that Hereford represented plaintiff as of May 12, 2021, and filed a motion to withdraw with the state court on May 19, 2021. However, the state court did not grant Hereford's motion to withdraw until May 16, 2022. During this time, Hereford missed two hearings in which plaintiff was set to be arraigned on the indictment in St. Charles County Circuit Court. Plaintiff was incarcerated in St. Louis County Justice Center on another charge during this period.

**Discussion**

Plaintiff asserts that the fifteen defendants in this action violated his civil rights when he was unlawfully arrested without a warrant and without a probable cause statement, and then was not properly arraigned. Plaintiff also claims he was falsely imprisoned in the St. Charles County Detention Center from April 29, 2022, until October of 2023,[17] his defense counsel failed to properly represent him, the judges in his criminal action failed to provide him due process, and the prosecutors in his case acted against him. Plaintiff asserts that unnamed persons at the St. Charles County Detention Center were deliberately indifferent to his serious medical needs. Plaintiff's federal claims are subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B) for the reasons outlined below. In addition, to the extent plaintiff asserts any state law claims, the Court will decline to exercise jurisdiction over such claims. *See* 28 U.S.C. § 1367(c)(3).

**A. Plaintiff's Claims for False Arrest, False Imprisonment, and those Relating to Jurisdictional Issues in his St. Charles Criminal Case are Barred by *Heck v. Humphrey***

Under United States Supreme Court precedent, a § 1983 claim for money damages "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," is not cognizable under § 1983 unless the plaintiff can demonstrate that his criminal conviction or sentence has already been invalidated. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). The Supreme Court later expanded its holding in *Heck* by stating that an action "is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - *if* success in that action would necessarily demonstrate

---

[17]Plaintiff filed a change of address with the Court indicating he was transferred to the St. Louis County Justice Center on or about October 18, 2023. [ECF No. 12].

the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (emphasis in original).

Here, plaintiff is essentially trying to overturn his criminal conviction from St. Charles County Circuit Court by asserting that he was not properly served with an arrest warrant or probable cause statement. Plaintiff similarly asserts that there were jurisdictional issues in his criminal trial, including a lack of arraignment, being served with the wrong arrest warrant (or not being served with a warrant in a timely manner), not being provided with a copy of the Order to File Fingerprints or Substitute Information, or having the Circuit Clerk provide him with copies of documents when he requested them.

Plaintiff's claims relate to the legitimacy of his criminal conviction, and in response to his claims he seeks money damages. A finding by this Court, that the defendants' allegedly unlawful acts caused plaintiff's unconstitutional imprisonment, would render plaintiff's criminal conviction or sentence invalid. There is no evidence to indicate that plaintiff's state court conviction and sentence in St. Charles County Court, entered on December 13, 2023, has been invalidated. For these reasons, plaintiff's claims are not cognizable under § 1983, and they are subject to dismissal for failure to state a claim. *See also Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995) (affirming district court's failure to state a claim dismissal of a § 1983 damages action where judgment in favor of plaintiff would necessarily imply the invalidity of his continued confinement).[18]

---

[18]To the extent plaintiff attempts to appeal his state court judgment in federal court, he is unable to do so. *Postma v. First Fed. Sav. & Loan of Sioux City*, 74 F.3d 160, 162 (8th Cir. 1996). Federal review of state court decisions may only be had in the Supreme Court. *Id.*

**B. Plaintiff's Complaint Fails to State a Claim Against Detective Casey Boaz, Jail Director Dan Keen, the Jail Booking Officer, and the Jail Deputy Officer**

Plaintiff has failed to allege the factual circumstances of his arrest on April 29, 2022, such as who arrested him, and who unlawfully detained him without a warrant and/or probable cause statement in the St. Charles County Detention Center on that date. Plaintiff blames the following four defendants for allegedly detaining him without a warrant or probable cause statement: Dan Keen, Unknown Jail Booking Officer, Unknown Jail Deputy Officer, and Detective Casey Boaz. Because the Court has found that plaintiff cannot maintain his false arrest and false imprisonment claims relating to his St. Charles County conviction because they are barred by *Heck*, he cannot maintain his claims for unlawful detention against defendants Boaz, Keen, the Jail Booking Officer, and the Jail Deputy Officer.[19] *See Ehlers v. United States Navy*, No. 16–cv–30 (DWF/TNL), 2016 WL 1592478, at *3 (D. Minn. Mar. 14, 2016) (finding that "even if the *Heck*– barred claims were not frivolous at the outset of this litigation . . . [they] are made frivolous by the Court's determination that other, substantively identical claims must be dismissed pursuant to *Heck* . . . . At that point, there would be no arguable basis in either law or fact that the plaintiffs could succeed on any of the claims"). These claims are subject to dismissal.

**C. Plaintiff's Complaint Fails to State Claims Against the St. Charles County Subdivisions/Entities Named as Defendants in this Action**

Plaintiff is unable to state a claim against any of the St. Charles County subdivisions or entities named as defendants in this action, defendants St. Charles County Court, St. Charles County Jail, and the St. Charles County Clerk Division. These defendant entities are not legal entities subject to suit. *See Owens v. Scott Cnty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003); *see also*

---

[19] The only other claim plaintiff alleges against the Deputy Officer relates to his contention that he was entitled to a copy of the Order for Fingerprinting. As discussed above, plaintiff is incorrect as there is nothing in the statute on which he relies to indicate he was entitled to a copy of the Order for Fingerprinting.

*Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (stating that "departments or subdivisions" of local governments are not "juridical entities suable as such"); *De La Garza v. Kandiyohi Cnty. Jail*, 18 F. App'x 436, 437 (8th Cir. 2001) (affirming district court dismissal of county jail and sheriff's department as parties because these are not suable entities).

Further, plaintiff has not asserted facts to indicate he is suing St. Charles County for a custom or policy violation, or a generalized failure to train, nor has he alleged facts indicating that there was an unlawful policy or custom within St. Charles County. *See Doe ex rel. Doe v. Sch. Dist. of City of Norfolk,* 340 F.3d 605, 614 (8th Cir. 2003) (a plaintiff must at a minimum allege facts supporting the proposition that an unconstitutional policy or custom exists). Thus, plaintiff's claims against St. Charles County and any subdivisions or entities of St. Charles County are subject to dismissal.

### D.  Plaintiff's Complaint Fails to State a Claim Against St. Charles Prosecutors Timothy Lohmar and Stephan Lawhorn, and St. Charles County Circuit Judges Daniel Pelikan, Chris McDonough, and Deborah Alessi

Plaintiff's claims against St. Charles County prosecutors Timothy Lohmar and Stephan Lawhorn, and St. Charles County Circuit Judges Daniel Pelikan, Chris McDonough and Deborah Alessi, are subject to dismissal.

#### 1.  Claims Against State Prosecutors

Plaintiff first asserts that prosecutors Stephan Lawhorn and Timothy Lohmar failed to properly file an arrest warrant or probable cause statement in his case, which resulted in plaintiff's false incarceration for over twenty-seven months. As discussed above, the complaint and probable cause statement were filed in plaintiff's criminal action on April 22, 2021, as was a warrant for plaintiff's arrest. *State v. Gilliehan*, No. 2111-CR01292 (11th Jud. Cir., St. Charles County). The criminal complaint was signed by Assistant Prosecuting Attorney Breck K. Burgess. *Id.*

19

Although Case.Net provides ample evidence that plaintiff's factual assertions concerning the arrest warrant and probable cause statement are incorrect, even if there was no such evidence, the Court would still have to find that plaintiff's claims against the defendant prosecutors are subject to dismissal. Prosecutors are immune from 42 U.S.C. § 1983 liability as long as the actions complained of appear to be within the scope of prosecutorial duties. *Price v. Moody*, 677 F.2d 676, 677 (8th Cir. 1982); *Keating v. Martin*, 638 F.2d 1121, 1122 (8th Cir. 1980). The immunity enjoyed by prosecutors from § 1983 actions can be either absolute or qualified. *Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir. 1996). A prosecutor is entitled to absolute immunity if he or she is acting as an advocate for the State in a criminal prosecution. *Id*. On the other hand, a prosecutor is entitled to only qualified immunity when he or she pursues actions in an "investigatory" or "administrative" capacity. *Id*.

"Absolute immunity protects prosecutors against claims arising from their initiation of a prosecution and presenting a criminal case insofar as that conduct is intimately associated with the judicial phase of the criminal process." *Sample v. City of Woodbury*, 836 F.3d 913, 916 (8th Cir. 2016). For instance, "[t]he acts of preparing, signing, and filing a criminal complaint constitute prosecutorial functions, as they are advocacy on behalf of the government." *Schenk v. Chavis*, 461 F.3d 1043, 1046 (8th Cir. 2006).

In this case, plaintiff complains that defendants Lawhorn and Lohmar failed to properly serve him with the arrest warrant and probable cause statement. As noted above, Assistant County Prosecutor Burgess filed the arrest warrant and probable cause statement accompanying the complaint on April 22, 2021. The same probable cause statement and arrest warrant also accompanied the grand jury indictment on November 17, 2021, and the grand jury indictment was signed by Timothy Lohmar. Although plaintiff was not served with the arrest warrant until April

29, 2022, the Court cannot say that the failure to serve him with the warrant until that time was in some way unconstitutional, as the record indicates plaintiff was incarcerated in St. Louis County until that time on a separate charge. Further, after plaintiff pled guilty in the St. Charles County case, he was returned to St. Louis County Justice Center to wait until his trial in the St. Louis County matter.

Plaintiff does not allege that the prosecutors were acting maliciously in failing to serve him with the arrest warrant and indictment until April 29, 2022. Rather, as discussed previously, the failure to serve plaintiff sooner was the result of plaintiff's retained counsel's failure to notify the state court of plaintiff's place of incarceration and the fact that he (Hereford) had withdrawn from representing plaintiff. Due to Hereford's lack of diligence, he and plaintiff missed two hearings in which plaintiff was supposed to be arraigned on the indictment, which was issued in November 2021.

This is exactly the type of situation where prosecutorial immunity is appropriate. *See Webster v. Gibson,* 913 F.2d 510 (8th Cir. 1990) (in § 1983 action against prosecutor for depriving arrestee of prompt judicial determination of probable cause, prosecutor was absolutely immune from damages where bond hearing was not held until 45 days after arrest, judge then ordered prosecutor to file information or release arrestee, and prosecutor failed to charge arrestee until 56 days later). As such, the Court finds that plaintiff's claims against defendants Lawhorn and Lohmar are barred by the doctrine of absolute immunity and are subject to dismissal.

## 2.  Claims Against State Court Judges

The Court next turns to plaintiff's allegations against Judges Pelikan, McDonough and Alessi. Plaintiff alleges that Judge Daniel Pelikan never arraigned him on the charges against him. However, as stated above, plaintiff's formal arraignment on the Substitute Information was held

on May 10, 2023. Plaintiff had an initial appearance in front of Judge Pelikan on May 2, 2022, after plaintiff was arrested on April 29, 2022. Plaintiff also had a "seven-day bond hearing" on May 10, 2022. *State v. Gilliehan*, No. 2111-CR01292-01 (11th Jud. Cir., St. Charles County). At plaintiff's initial appearance on May 2, 2022, the charges against him were read and he entered a plea of not guilty. *Id.*

Plaintiff blames Judge Deborah Alessi for giving him the "wrong arrest warrant," removing a public defender from his case, making him go pro se, failing to provide him an arraignment, and giving him a new court date. In support of his claims against Judge Alessi, plaintiff cites to Missouri Revised Statutes § 571.104. *Id.* Plaintiff asserts that Judge Chris McDonough should be held liable for assigning him to Judge Daniel Pelikan's court after the grand jury indictment was filed.

As previously noted, the Court is unable to determine the significance of § 571.104 in the context of plaintiff's complaint. The Court has recited in detail the record on Case.Net as to how Judge Deborah Alessi reviewed plaintiff's right to counsel with him. The Court finds no error on this Sixth Amendment issue, which occurred over several months and throughout several hearings. Judge Alessi arraigned plaintiff on the Substitute Indictment on May 10, 2023; thus, the Court finds that plaintiff's factual assertions regarding this issue are contradicted by the record. As for whether Judge McDonough followed St. Charles County Local Rules in assigning the action to Judge Pelikan after the indictment was filed on November 17, 2021, the Court does not believe this issue concerns a federal or constitutional issue. Regardless, all of plaintiff's claims against the state court judges are barred by judicial immunity.

Judicial immunity provides judges with immunity from suit, allowing them to exercise the authority with which they are vested, and to act upon their own convictions. *See Hamilton v. City*

22

*of Hayti, Mo.*, 948 F.3d 921, 925 (8th Cir. 2020). "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). This immunity applies even when the judge is accused of acting maliciously or corruptly. *Pierson v. Ray*, 386 U.S. 547, 554 (1967); *see also Woodworth v. Hulshof*, 891 F.3d 1083, 1090 (8th Cir. 2018) (stating that "judicial immunity is not overcome by allegations of bad faith or malice").

A judge's immunity from 42 U.S.C. § 1983 actions bars a plaintiff's recovery in all but two narrow sets of circumstances. *Schottel v. Young*, 687 F.3d 370, 373 (8th Cir. 2012). First, a judge does not have immunity for non-judicial actions. *Duty v. City of Springdale, Ark.*, 42 F.3d 460, 462 (8th Cir. 1994). "An act is a judicial act if it is one normally performed by a judge and if the complaining party is dealing with the judge in his judicial capacity." *Birch v. Mazander*, 678 F.2d 754, 756 (8th Cir. 1982). Second, a judge is not immune for judicial actions "taken in the complete absence of jurisdiction." *Schottel*, 687 F.3d at 373. "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (internal quotation marks and citation omitted). "Moreover, 'an action—taken in the very aid of the judge's jurisdiction over a matter before him—cannot be said to have been taken in the absence of jurisdiction.'" *Schottel*, 687 U.S. at 373 (quoting *Mireles*, 502 U.S. at 13).

The actions plaintiffs complains of are all judicial actions, as they are ones normally performed by judges and plaintiff was interacting with the judges in their judicial capacities, in the context of criminal proceedings. And these actions were taken in aid of the judges' jurisdiction over a matter before them, so they cannot have been taken in the absence of jurisdiction. As a

result, state court Judges Pelikan, McDonough, and Alessi are entitled to judicial immunity for all of plaintiff's claims brought against them in this § 1983 action, and the claims will be dismissed.

### E. Plaintiff's Claims Against Defense Counsel Richard Hereford, David Cruz, and Stephen Ranz Are Subject to Dismissal

Plaintiff's claims against his former defense attorneys, defendants Richard Hereford, David Cruz, and Stephen Ranz, are also subject to dismissal.

Plaintiff alleges that Richard Hereford, his first attorney, knew there was no arrest warrant, and acted unlawfully because he violated the rules of professional conduct in plaintiff's case by misrepresenting the date on which he withdrew from representing plaintiff. Plaintiff asserts that attorneys David Cruz and Stephen Ranz "knew about the [lack of] arrest warrant," and knew there had not been an arraignment in his case. Plaintiff claims this knowledge and counsel's failure to act led to his "false incarceration" and mental distress.

"The essential elements of a [42 U.S.C.] § 1983 claim are: (1) that the defendant(s) acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right." *Green v. Byrd*, 972 F.3d 997, 1000 (8th Cir. 2020). It is well established that a defense attorney, whether appointed or retained, does not act under color of state law, and thus cannot be liable for the alleged deprivation of constitutional rights under 42 U.S.C. § 1983. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) (stating that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding"); *Christian v. Crawford*, 907 F.2d 808, 810 (8th Cir. 1990) (stating the Eighth Circuit "has repeatedly held that both retained and appointed attorneys are not liable for deprivations of constitutional rights under 42 U.S.C. § 1983 for the reason that they do not act under color of state law"); and *Rogers v. Bruntrager*, 841 F.2d 853, 856 (8th Cir. 1988)

24

("Public defenders do not act under color of state law for purposes of 42 U.S.C. § 1983 when performing the traditional functions of defense counsel").

For these reasons, plaintiff's claims against defendants Richard Hereford, David Cruz, and Stephen Ranz fail to state a claim under § 1983 and are subject to dismissal.

### F.  Plaintiff's Claims Against the Court Clerk at St. Charles County Court

Plaintiff's complaint does not identify the constitutional claim he is bringing against the Court Clerk. Plaintiff asserts that the St. Charles County Court Clerk failed to send him copies of several documents he requested on August 22, 2022, however, the state court record available on Case.Net shows that the documents requested by plaintiff were provided to him. As stated above, on that date, the Court Clerk received a letter from plaintiff requesting a copy of the court docket available through Case.Net, and a copy of the warrant, the indictment, and information relating to the "activities" in his case. The Court Clerk provided plaintiff with copies of the docket from Case.Net, the probable cause statement, the arrest warrant, the Order for Fingerprinting, and the November 17, 2021, indictment. The Court Clerk also attached the charge information from the court docket. Given this, the Court cannot say that the Court Clerk acted unlawfully with respect to plaintiff's request on August 22, 2022.

Plaintiff states that later, on an unspecified date, he asked for copies of docket sheets from the Clerk that were not provided. The Court reviewed the docket in *State v. Gilliehan*, No. 2111-CR01292-01 (11th Jud. Cir., St. Charles County) and found it shows that plaintiff sought docket sheets from the Court Clerk on April 26, 2023 and July 6, 2023, and copies were provided to plaintiff on both dates. Plaintiff also complains that the Court Clerk failed to give him a copy of the Substitute Indictment on an unspecified date. The Court cannot find any record in *State v. Gilliehan*, No. 2111-CR01292-01 (11th Jud. Cir., St. Charles County) to show that plaintiff ever

requested this document. Plaintiff's failure to include the date he requested the document, as well as to state how he was injured by the lack of its receipt, is fatal to his claim for relief under 42 U.S.C. § 1983. *See Irving v. Dormire*, 519 F.3d 441, 448 (8th Cir. 2008) (finding that an action pursuant to 42 U.S.C. § 1983 is a tort claim, and a plaintiff must suffer some actual injury before he can receive compensation). To the extent plaintiff is alleging a First Amendment access to courts claim, a plaintiff must allege he suffered an actual injury to a nonfrivolous claim and plaintiff has not done so. *See Hartsfield v. Nichols*, 511 F.3d 826, 831 (8th Cir. 2008).

For these reasons, plaintiff's claims against the Court Clerk are subject to dismissal.

### G. Plaintiff Fails to State a Claim with Respect to His Claim for Deliberate Indifference to His Serious Medical Needs

Plaintiff states in a conclusory fashion that he was given the wrong medical treatment on May 12, 2022. Plaintiff was a pretrial detainee at all relevant times for this claim, so his constitutional claims fall within the ambit of the Fourteenth Amendment. *See Morris v. Zefferi*, 601 F.3d 805, 809 (8th Cir. 2010). The Fourteenth Amendment provides at least as much protection to pretrial detainees as the Eighth Amendment does to convicted prisoners. *Hartsfield v. Colburn*, 371 F.3d 454, 457 (8th Cir. 2004). Accordingly, a pretrial detainee's medical claims are analyzed under the Eighth Amendment's deliberate indifference standard. *See Grayson v. Ross*, 454 F.3d 802, 808 (8th Cir. 2006); *Morris v. Cradduck*, 954 F.3d 1055, 1058 (8th Cir. 2020) (a pretrial detainee has the same rights to medical care under the Due Process Clause as an inmate has under the Eighth Amendment).

To state a deliberate indifference claim, plaintiff must allege facts showing that he suffered from an objectively serious medical need, and that prison officials knew of and disregarded that need. *Roberts v. Kopel*, 917 F.3d 1039, 1042 (8th Cir. 2019); *Hamner v. Burls*, 937 F.3d 1171, 1177 (8th Cir. 2019). Consequently, whether a prison official has been "deliberately indifferent

requires both an objective and a subjective analysis." *Hall v. Ramsey Cnty.*, 801 F.3d 912, 920 (8th Cir. 2015). Under the objective prong, the plaintiff must allege facts to show he suffered from an objectively serious medical need. Under the subjective prong, he must allege facts to show that a prison official knew of but disregarded that serious medical need. *See Jackson v. Buckman*, 756 F.3d 1060, 1065 (8th Cir. 2014).

Liability in a 42 U.S.C. § 1983 case is personal. *See Frederick v. Motsinger*, 873 F.3d 641, 646 (8th Cir. 2017). In other words, "[g]overnment officials are personally liable only for their own misconduct." *S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015). As such, § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights." *Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006) (quoting *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990)). *See also Kohl v. Casson*, 5 F.3d 1141, 1149 (8th Cir. 1993) (dismissing plaintiff's excessive bail claims because none of the defendants set plaintiff's bail and, therefore, "there can be no causal connection between any action on the part of the defendants and any alleged deprivation" of plaintiff's rights); *Love v. Schoffman*, 142 F. App'x 278, 279 (8th Cir. 2003) (affirming pre-service dismissal under 28 U.S.C. § 1915 because the complaint, among other deficiencies, "did not specify which of the many named defendants was responsible for each of the alleged harms"). To that end, a plaintiff must allege facts connecting the defendant to the challenged action. *See Bitzan v. Bartruff*, 916 F.3d 716, 717 (8th Cir. 2019).

Plaintiff fails to allege any facts to identify what his serious medical need was at the time he was purportedly provided the wrong treatment, any facts to allege why the treatment was wrong, or any facts to establish the injury he suffered as a result. Plaintiff also fails to identify which defendant provided him the wrong treatment, or to allege that the defendant knew about plaintiff's serious medical need at the time but disregarded. These omissions are fatal to his claims for relief

27

under the Fourteenth Amendment as he does not allege either the objective or subjective prongs of the deliberate indifference cause of action. Plaintiff's conclusory deliberate indifference claim is subject to dismissal.

### Conclusion

Having thoroughly reviewed and liberally construed the complaint and the supplemental documents, the Court concludes it is subject to dismissal because it is frivolous and/or fails to state a claim upon which relief may be granted. The Court can envision no amendment to the complaint that would cause it to state a plausible claim for relief. The Court will therefore dismiss this action without prejudice, and will decline to exercise supplemental jurisdiction over any state law claims plaintiff may be understood to bring. *See* 28 U.S.C. § 1367(c)(3); *United Mine Workers v. Gibbs*, 383 U.S 715, 726 (1966) (if federal claims are dismissed before trial, remaining state claims should also be dismissed); *Crest Construction II, Inc. v. Doe*, 660 F.3d 346, 359 (8th Cir. 2011) (where all federal claims have been dismissed, district court's decision to decline supplemental jurisdiction over state claims is "purely discretionary").

### Motion for Appointment of Counsel

Plaintiff has filed a motion for appointment of counsel. [ECF No. 6]. Because the claims in plaintiff's complaint are being dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court will deny plaintiff's motion for appointment of counsel as moot.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.00 by **January 26, 2024**. Plaintiff is instructed to make his remittance payable to "Clerk, United States

District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's motion to amend his complaint to name the defendants in their individual capacities [ECF No. 5] is **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk shall **not** issue process or cause process to issue upon the complaint because the claims in the complaint are frivolous and/or fail to state a claim upon which relief can be granted. Plaintiff's claims are **DISMISSED without prejudice**. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that to the extent plaintiff's complaint contains any state law claims, those claims are **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1367(c)(3).

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 6] is **DENIED as moot**.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal will accompany this Memorandum and Order.

_Ronnie L. White_
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 5th day of January, 2024.